

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-2614
Re: Is real estate belonging to
Texas Rural Communities,
which is incorporated for
charity and benevolent pur-
poses, subject to the ad
valorem tax.

We acknowledge receipt of your request for an opinion
on whether or not the property of Texas Rural Communities, a
corporation, is exempt from taxation.

Your request states that Texas Rural Communities is in-
corporated in this State for charitable and benevolent purposes.
You refer us to two letters from Mr. C. J. Wilde, County Attor-
ney, Nueces County, Texas, which are attached to your request.
From these letters, it is ascertained that the properties are used
for transient farm workers and that there is also located on a
portion of the property small houses which are rented to farm
laborers who are employed in the Robstown area. The exact use
to which this property is put by the transient farm laborers
is not known to us, but the fact that a portion of the property
is rented out constitutes sufficient facts for us to comply with
your request.

Article 8, Section 2 of the Constitution of Texas provides
that the Legislature may, by general law, exempt from taxation
public property used for public purposes; actual places of
religious worship; property owned by a church or a strictly re-
ligious society for the exclusive use as a dwelling place for
the ministers; places of burial; property owned and used exclu-
sively for school purposes; property used exclusively in the pro-
motion of religious, educational and physical development of boys
and girls; and institutions of purely public charity.

Hon. Geo. H. Shepperd, page 2


The property owned by Texas Rural Communities obviously is not in the catagory of any of the above authorized exemptions, unless it is an institution of purely public charity.

Pursuant to the above mentioned article of the Constitution, the Legislature passed Article 7150, Vernon's Annotated Civil Statutes, which provides in part as follows:

"The following property shall be exempt from taxation, to-wit:

"7. Public charities.-- All buildings belonging to institutions of purely public charity, together with the lands belonging to and occupied by such institutions not leased or otherwise used with a view to profit, unless such rents and profits and all moneys and credits are appropriated by such institutions solely to sustain such institutions and for the benefit of the sick and disabled members and their families and the burial of the same, or for the maintenance of persons when unable to provide for themselves, whether such persons are members of such institutions or not. An institution of purely public charity under this article is one whichdispenses its aid to its members and others in sickness or distress, or at death, without regard to poverty or riches of the recipient, also when the funds, property and assets of such institutions are placed and bound by its laws to relieve, aid and administer in any way to the relief of its members when in want, sickness and distress, and provide homes for its helpless and dependent members and to educate and maintain the orphans of its deceased members or other persons."

To determine the question, we must arrive at the correct rule of construction. The Constitution provides that all taxes shall be equal and uniform. Article 8, Sec. 2, Constitution of Texas. In order for the government to exist, it must have the power to tax, and the property of those accepting the benefits, protection and privileges of the government must bear their share of this burden. Taxation is, therefore, the rule and exemption from taxation the exception. Cooley on Taxation, 2nd Id. p. 204; Athens vs. Mayor, et al, 74 Ga. 413.

Exemption being the exception to the general rule, it is not favored, and, when found to exist, the enactment by which

Hon. Geo. H. Sheppard, page 3

it is given will not be enlarged by construction, but, on the contrary, will be strictly construed. Morris vs. Mason, 5 S. W. 519; Santa Rosa Infirmary vs. San Antonio, 259 S. W. 951, and Cooley on Taxation, 2nd Ed., page 204.

In the case of BPOE Lodge v. City of Houston, (Civ. App.) 44 S. W. (2d) 488, in construing the expression "purely public charity," the court said:

"The word 'purely' is intended to modify the word 'charity', and not the word 'public', so as to require the institution to have a wholly altruistic quality and exclude from it every private or selfish interest for profit or corporation gain. In law, the word 'purely' is used in the sense of and equivalent to 'only', 'wholly', 'exclusively', 'completely', 'entirely', and 'unqualifiedly'."

This holding was sustained in the case of City of Palestine vs. Missouri-Pacific Lines Hospital Association, 99 S. W. (2d) 311, and upon which the Supreme Court denied writ of error.

Justice Greenwood, in the case of City of Houston vs. Scottish Rite Benevolent Association, et al., 230 S. W. 978, (Sup. Ct.), said that an institution was one of "purely public charity" where:

"First, it made no gain or profit; second, it accomplished ends wholly benevolent; and, third, it benefited persons, indefinite in numbers and personalities, by preventing them, through absolute gratuity, from becoming burdens of society and the State."

The case of Paschal vs. Acklin, 27 Tex. 199, holds that in the legal sense charity is defined as a "gift to general public", and in the case of State vs. Texas Mutual Life Insurance Company, 51 S. W. (2d) 410, holds that charity in its legal sense implies giving without consideration or expectation of return.

But the Legislature has restricted the general meaning of the words "purely public charities", Article 7150, Section 7, which reads as follows:

". . . An institution of purely public charity under this article is one which dispenses its aid to its members and others in sickness or distress, or at death, without regard to poverty or riches of the

Hon. Geo. H. Sheppard, page 4

recipient, also when the funds, property and assets of such institutions are placed and bound by its laws to relieve, aid and administer in any way to the relief of its members when in want, sickness and distress, and provide homes for its helpless and dependent members and to educate and maintain orphans of its deceased members or other persons."

In the case of Texas Rural Communities, here under discussion, the property is used for the purpose of renting out to farm laborers. It is readily seen that the objectives and purposes to which the property of the corporation are used are more comprehensive than the legislative definition.

But, regardless of this, the Constitution provides that the buildings must be used exclusively, and owned by the institution.

Justice Greenwood, in the case of City of Houston vs. Scottish Rite Benevolent Association, supra, said:

"It does not satisfy the constitutional requirement that use by others was permitted by the owner to obtain revenues to be devoted entirely to the owner's work of purely public charity. Morris vs. Mason, 5 S. W. 519. Nor is the requirement satisfied by the fact that those sharing the use pay no rent. Red vs. Johnson, 53 Tex. 288. The actual direct use must be exclusive on the part of such an institution as is favored by the constitutional provision." (Emphasis ours)

In the case of State vs. Settegast, 254 S. W. 925, it was held that property upon which were located rent houses belonging to a charitable institution, the rent from which was used solely for the benefit of such institution, was not within the constitutional exemption from taxation in favor of charitable institutions, since the property was not used exclusively by such institution.

In the case at bar, even though the purposes for which the corporation was incorporated may be benevolent and charitable, the use to which its properties are put does not come within the exemptions as prescribed by law. Although the rents derived from the rental of a portion of the property may be used for purely public charities, that fact will not bring the use to which the land is put within the constitutional and statutory provisions. As the direct and actual use must be

Hon. Geo. H. Sheppard, page 5


<u>exclusive</u> on the part of Texas Rural Communities before it is entitled to the exemption. The holding has been sustained innumerable times that any property not used <u>exclusively</u> by institutions is not exempt.

It is, therefore, our opinion that the property of Texas Rural Communities is not exempt from taxation.

Trusting that the foregoing fully answers your inquiry, we are

APPROVED AUG 19, 1940

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Richard H. Cooke
Assistant

RHC:N

